1
2
3

**ANDERSON BANTA CLARKSON** PLLC
48 NORTH MACDONALD
MESA, ARIZONA  85201
TELEPHONE (480) 788-3053

4
5

Adam C. Anderson/024314
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

**PHOENIX DIVISION**

| | |
|---|---|
| ANGEL HARRIS, | Case No.: |
| Plaintiff, | **COMPLAINT AND JURY DEMAND** |
| vs. | |
| NORTHSTAR LOCATION SERVICES, LLC, | |
| Defendant. | |

NOW COMES the plaintiff, ANGEL HARRIS, by and through her attorneys, ANDERSON BANTA CLARKSON PLLC, and for her Complaint against the defendant, NORTHSTAR LOCATION SERVICES, LLC, the plaintiff states as follows:

## I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

## II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. ANGEL HARRIS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Tempe, County of Maricopa, State of Arizona.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to Navient (hereinafter, "the Debt").

6. The Debt was for student loan which was for the personal use of Plaintiff and/or used for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. NORTHSTAR LOCATION SERVICES, LLC, (HEREINAFTER, "DEFENDANT") is a business entity engaged in the collection of debt within the State of Arizona. Defendant's principal place of business is located in the State of New York. Defendant is registered as a limited liability company in the State of Arizona.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the

mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. ALLEGATIONS

14. On February 20, 2017, Defendant sent correspondence to Plaintiff in an attempt to collect the Debt.

15. Said correspondence stated that the balance was $99,411.20, however, Defendant had been authorized by its client, the creditor, to accept $14,109.06.

16. Shortly after receiving the aforesaid correspondence, Plaintiff engaged in a telephone call with a duly authorized representative of Defendant, who stated that she was calling to collect the Debt from Plaintiff.

17. The aforesaid representative of Defendant offered to settle the debt with Plaintiff for just $10,000. Said representative advised Plaintiff that she would have until March 2, 2017, in order to decide whether to accept the settlement offer.

18. On March 2, 20107, as promised, Defendant's representative called Plaintiff. However, Plaintiff was not able to retrieve the call at the time it was made, and a voicemail message was left for Plaintiff.

19. On March 2, 2017, approximately a few hours after the call made by Defendant to Plaintiff, Defendant initiated a telephone call to Plaintiff's mother.

20. Despite having multiple contacts with Plaintiff and despite being fully cognizant of Plaintiff's location, on March 2, 2017, Defendant proceeded to contact Plaintiff's mother and stated that Defendant was calling to collect a debt.

21. During the course of the aforementioned telephone call, Defendant's representative stated that Plaintiff's mother was used as a reference on the loan.

22. During the course of the aforementioned telephone conversation, Defendant disclosed that it was a debt collector and that Plaintiff owed a debt.

23. Despite being cognizant of Plaintiff's location and despite having no authorization from Plaintiff to contact third parties, Defendant has initiated multiple telephone calls to Plaintiff's mother.

24. Plaintiff's mother did not request that she be contacted by Defendant.

25. Defendant did not reasonably believe that location information provided by Plaintiff's mother was incomplete or erroneous or that Plaintiff's mother had more complete information as to Plaintiff's location.

26. Plaintiff did not consent to Defendant contacting third parties.

27. In its attempts to collect the debt allegedly owed by Plaintiff to Navient, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and failed to identify himself, failed to state that he is confirming or correcting location information concerning the consumer, and/or identified his employer without the express request of the consumer in violation of 15 U.S.C. §1692b(1);

    b. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

    c. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

    d. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

    e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

28. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.　JURY DEMAND

29. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.　PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ANGEL HARRIS, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

1
2  **ANDERSON BANTA CLARKSON PLLC**
3
4
      By: <u>  s/ Adam Anderson         </u>
5            Attorney for Plaintiff
           Adam C. Anderson
6            48 North MacDonald Street
           Mesa, AZ  85201
7            Attorney for Plaintiff
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25